**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------X
ZINOVIY LEVITANT,

        Plaintiff,              **MEMORANDUM & ORDER**

      -against-                 05-CV-230(KAM)(MDG)

THE CITY OF NEW YORK HUMAN
RESOURCES ADMINISTRATION
D/B/A HUMAN RESOURCES
ADMINISTRATION,

        Defendant.

----------------------------------X

**MATSUMOTO, United States District Judge**:

        On January 14, 2005, Zinoviy Levitant ("plaintiff") brought this action against his former employer, the City of New York Human Resources Administration ("defendant"), pursuant to Title VII of the Civil Rights Act of 1964, alleging that defendant discriminated against him and subjected him to a hostile work environment based on his race and national origin (the "Title VII" action). In September 2008, plaintiff filed a second lawsuit pursuant to the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"), alleging discrimination on the basis of an alleged disability (the "ADA/FMLA" action).

        By Memorandum and Order dated December 18, 2008, familiarly with which is presumed, Judge Bianco denied defendant's motion for summary judgment in the Title VII action.

1

*See Levitant v. City of New York Human Resources Admin.*, 625 F. Supp. 2d 85 (E.D.N.Y. 2008). On the same day, the Title VII case was transferred to this court. The court has set trial to begin in the Title VII case on April 4, 2011.

Pending before the court is a motion *in limine* by defendant in the Title VII action to preclude plaintiff from introducing certain evidence at trial. For the reasons set forth below, defendant's motion *in limine* is granted in part and denied in part.

## **DISCUSSION**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Allen v. City of New York*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006) (citation omitted); *see* Fed. R. Evid. 104(a) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . .") Evidence should be excluded on a motion *in limine* only when the evidence is clearly

inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5220, 1998 U.S. Dist. LEXIS 15093, at *11 (S.D.N.Y. Sept. 25, 1998) (citations omitted). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union*, 937 F. Supp. at 287. Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected.]" *Luce*, 469 U.S. at 41.

Rule 402 of the Federal Rules of Evidence requires that evidence be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, the court's determination of what constitutes "relevant evidence" is guided by the nature of the claims and defenses presented.

### I. Evidence Concerning Dismissed Claims

Defendant first moves to preclude evidence and testimony regarding claims that were dismissed by Judge Bianco in his summary judgment decision. Specifically, defendant moves to preclude evidence regarding: (1) plaintiff's discrimination

3

and hostile work environment claims based upon defendant's failure to transfer plaintiff in 2000 and 2001; (2) retaliation due to plaintiff's participation in union activities; and (3) grievances and complaints filed between 2002 and 2004 regarding unsanitary working conditions or with plaintiff's union or with the Human Resources Administration ("HRA") or the Office of Equal Employment Opportunity ("EEO"), other than the August 12, 2003 internal EEO complaint.  (ECF No. 89, Defendant's Memorandum of Law in Support of its Motion in Limine, ("Defs. Mem."), at 3-5.)  Defendant argues that Judge Bianco's summary judgment decision precludes introduction of this evidence, and that it is "irrelevant, unduly prejudicial and likely to confuse the jury."  (*Id.*)

### a. Time Barred Claims

Defendant argues that Judge Bianco's summary judgment decision precludes plaintiff from introducing evidence of any "discrete acts of alleged discrimination and hostile work environment occurring prior to October 17, 2003."  (ECF No. 90, Defendant's Reply Memorandum of Law in Further Support of Its Motion in Limine ("Defs. Reply") at 2.)  Specifically, defendant argues that evidence regarding the denial of plaintiff's alleged request to be transferred to the Brooklyn Adult Protective Services Unit, Assessment Unit ("Assessment Unit"), in 2001, is barred.  (*Id.* at 3.)  Plaintiff does not oppose defendant's

4

motion on this point.  The court agrees that Judge Bianco found that claims based on "discrete acts of discrimination" that occurred prior to October 17, 2002 were time barred.  *Levitant,* 625 F. Supp. 2d at 96 n.6.  These include, for example, defendant's alleged failure to transfer plaintiff in 2000, and defendant's allegedly retaliatory actions prior to August 2002.  *Id.* at 97, 105-06.

Accordingly, defendant's motion to preclude plaintiff from introducing evidence regarding the denial of transfer to the Assessment Unit in 2001 is granted.

    **b. Union Activities**

Defendant argues that the "inclusion of some of plaintiff's proposed witnesses [including Sybil Alexander ("Alexander"), Chibuzoh Enwereuzoh ("Enwereuzoh"), Allan Brown, Esq. ("Brown"), Leonard Schrier, Esq. ("Schrier"), and Mitchell Craner, Esq. ("Craner")] and documentary evidence indicates that [plaintiff] will try to include at the trial his claims of retaliation based upon his participation in union activities." (ECF No. 89, Defs. Mem., at 3-4.)  In response, plaintiff states that Alexander and Enwereuzoh will testify "as to the details of the discrimination that plaintiff was subjected to on a daily basis."  (ECF No. 86, Plaintiff's Opposition to Defendant's Motion in Limine ("Pl. Opp.") at 2.)  Plaintiff further submits that if the court so orders, "these witnesses will testify only

5

as to [instances of discrimination based on race and/or national origin] and not with respect to any issues of retaliation for Plaintiff's involvement in union activities." (*Id.*)  Plaintiff offers no argument as to why they should be able to testify regarding his union activities. (*See generally id.*)  Because defendant's motion to preclude evidence of plaintiff's union activities is essentially unopposed, the court finds that Alexander's and Enwereuzoh's testimony shall be limited to their knowledge of discrimination against plaintiff on the basis of race or national origin. *See, e.g., Castro v. City of New York*, No. 06-CV-2253, 2009 U.S. Dist. LEXIS 69723, at *20 (E.D.N.Y. Aug. 10, 2009) ("In his opposition to defendants' *in limine* motion, plaintiff offers no substantive argument as to why . . . testimony is relevant and admissible.  For this reason alone, defendants' motion . . .  should be granted.").

Similarly, because plaintiff states that Brown, Schrier and Craner "would testify as to their knowledge of Plaintiff's 'Union Activities,'" and have no "direct knowledge of the discrimination based upon race and national origin," (ECF No. 86, Pl. Opp., at 2-3), their testimony is precluded.

### c. Alleged Protected Activities

Defendant next argues that "any attempt by plaintiff to introduce evidence concerning grievances, complaints about unsanitary working conditions, and various complaints between

6

2002 and 2004 with respect to plaintiff's union and HRA's internal EEO office, other than the August 12, 2003 internal EEO complaint, should be precluded based upon the decision of Judge Bianco." (ECF No. 89, Defs. Mem., at 5.) Plaintiff does not oppose defendant's motion on this point. The court agrees with defendant that Judge Bianco narrowed the scope of the protected activities upon which plaintiff could base a retaliation claim to (1) an internal EEO complaint, filed August 12, 2003; (2) an Equal Employment Opportunity Commission ("EEOC") complaint filed February 20, 2004; and (3) an EEOC complaint filed July 13, 2004. *Levitant,* 625 F. Supp. 2d at 106-07. Accordingly, defendant's motion to preclude grievances filed between 2002 and 2004, other than those set forth in (1) to (3) above, is granted.

**II. Claims Alleged in Plaintiff's Subsequent Lawsuit**

Defendant next argues that plaintiff should be precluded from introducing evidence of his subsequent lawsuit against defendant. (ECF No. 89, Defs. Mem., at 5-6.) Specifically, defendant argues that "[a]ny reference to the allegedly discriminatory treatment of plaintiff based on his disability or reference to his termination, which is the subject of his subsequent lawsuit, will only serve to distract, confuse and prejudice the jury in the instant action." (*Id.* at 5.) In response, plaintiff agrees that he will not "offer any evidence through testimony nor documentary evidence, nor witnesses,

7

concerning Plaintiff's disability claim which is the subject of his second claim currently pending in the Eastern District of New York." (ECF No. 86, Pl. Opp., at 3.) Accordingly, this dispute is moot.

**III. Medical Testimony**

**a. Testimony by Dr. Koyen and Dr. Shpitalnik**

Defendant next argues that testimony by Dr. Koyen, a pain management specialist, should be precluded because Dr. Koyen treated plaintiff for alleged physical injuries sustained in a work related accident, which is the subject of his ADA/FMLA suit, and did not treat plaintiff for any emotional injuries at issue in the Title VII case. (ECF No. 89, Defs. Mem., at 6.) Similarly, defendant argues that testimony by Dr. Shpitalnik, a mental health professional, should be precluded because he treated plaintiff only in connection with plaintiff's alleged emotional injuries as a result of his alleged physical disability, which is the subject of plaintiff's subsequent lawsuit. (*Id.* at 7.) In response, plaintiff does not address defendant's argument to preclude testimony by Dr. Koyen and Dr. Shpitalnik. (*See generally* ECF No. 86, Pl. Opp.) Accordingly, the court treats defendant's motion to preclude testimony by Dr. Koyen and Dr. Shpitalnik as unopposed, and grants it, based on defendant's assertions that these physicians treated plaintiff

only in connection with his alleged disability and that their testimony is irrelevant in this action.

### b. Testimony by Plaintiff

Defendant next argues that plaintiff should be precluded from offering evidence concerning the causation of his alleged psychological injuries because he is "not competent to provide such testimony." (ECF No. 89, Defs. Mem., at 7.) In response, plaintiff argues that he has "first hand know;edge [sic] of the emotional disteress [sic] he suffered and can testify to those instances as a lay person." (ECF No. 86, Pl. Opp., at 3-4.) Plaintiff purports to testify "to the types of medical treatment that he sought, the frequency with which he treated with medical doctors, and the course of treatment that he had to follow based upon medical advice from his treating physicians" but states that he will not "testify as to causation nor will he render an expert medical opinion." (*Id.* at 4.) In reply, defendant argues "since plaintiff cannot testify to causation [of his injuries] and plaintiff has no experts to testify to causation, any testimony by plaintiff concerning alleged emotional distress damages risks the jury imputing causation by the alleged conduct of defendants and unfairly prejudice [sic] defendant." (ECF No. 90, Defs. Reply, at 8.)

Initially, the court notes that neither party cited any legal authority for their position regarding whether or not

9

plaintiff should be precluded from testifying as to the emotional injuries he has suffered.  (*See generally* ECF Nos. 86, 89, 90.)  However, the court has considered the issue and finds that plaintiff may testify to the psychological injuries he has sustained.

In the employment discrimination context, emotional distress claims are categorized into three types — "garden variety," "significant," and "egregious."  *See, e.g.*, *Rainone v. Potter*, 388 F. Supp. 2d 120, 122 (E.D.N.Y. 2005).  The categorization of a particular case depends on whether the plaintiff suffered only emotional harm, or whether he or she also suffered physical consequences of the emotional harm.  *Id.*  Regardless, in all three types of cases, the plaintiff is permitted to testify regarding emotional injuries he or she has suffered.  *See, e.g., id.* at 124-25 (in a garden variety case, plaintiff testified that his mind was 'swimming;' that his 'future looked extremely grim;' and that he had developed sleeping and 'other manifestations'); *Luciano v. Olsten Corp.*, 912 F. Supp. 663, 673-74 (E.D.N.Y. 1996) (in a garden variety case, plaintiff testified that she was hurt, shocked, upset, and overcome and with sadness and depression); *Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 481 (S.D.N.Y. 2001) (in a non-garden variety case, plaintiff testified that the emotional distress he suffered caused him to visit his

10

cardiologist more frequently, caused his blood sugar to go up, and caused him to begin taking Prozac for depression). Accordingly, the court finds that plaintiff's testimony is relevant and appropriate.

Where evidence is relevant, its probative value must also substantially outweigh the "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or . . . undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Here, the court finds that plaintiff's testimony is probative to the damages plaintiff suffered as a result of his allegations. The court will instruct the jury that plaintiff's testimony cannot be used to establish the cause of his injuries and believes that such an instruction is sufficient to mitigate the possibility of any unfair prejudice against defendant.

Accordingly, the court finds that plaintiff is permitted to testify as to the emotional distress he has suffered.

**IV. Proposed Testimony of Non-Party Witnesses**

Finally, defendant moves to preclude testimony by Brown, Schrier, Craner, and Santos. Specifically, defendant argues that Brown, Shrier and Craner are attorneys who previously represented plaintiff and would only be able to provide inadmissible hearsay regarding what plaintiff told them

in the past.  (ECF No. 89, Defs. Mem., at 8-9.)  Similarly, defendant argues that Santos, a former employee of District Council 37, plaintiff's union, has no factual knowledge of the circumstances in plaintiff's workplace, and would only be able to provide inadmissible hearsay.  (*Id.* at 9.)  In response, plaintiff states that Brown, Schrier, and Craner "would testify as to their knowledge of Plaintiff's 'Union Activities,' and were not present as witnesses with direct knowledge of the discrimination based upon race and national original."  (*See* ECF No. 86, Pl. Opp., at 2-3.)

As set forth above, testimony by Brown, Schrier, and Craner is precluded because they have no direct knowledge of the alleged discrimination and because plaintiff has not set forth an argument to support the admissibility of testimony regarding his union activities.  Finally, because plaintiff does not oppose defendant's motion to preclude evidence by Isabel Santos, and because it would be based on hearsay rather than personal knowledge, defendant's motion to preclude her testimony is granted.

## CONCLUSION

For the foregoing reasons, defendant's motion *in limine* is granted in part and denied in part.  The parties are directed to amend their witness and exhibit lists to reflect this decision.  As set forth in the Pretrial Scheduling Order,

12

the court will hold a final pretrial conference on March 7, 2011 at 11 a.m. in Courtroom 4E North.

**SO ORDERED.**

Dated: February 28, 2011
      Brooklyn, New York

                                            _____/s/_____
                                            KIYO A. MATSUMOTO
                                            United States District Judge
                                            Eastern District of New York